MEMORANDUM **
Plaintiffs James I. Kuroiwa, Jr., Patricia A. Carroll, Toby M. Kravet, Garry P. Smith, Earl F. Arakaki, and Thurston Twigg-Smith appeal the district court’s judgment on the pleadings in then- action alleging breaches of trust and constitutional claims against Defendants Linda Lingle, Georgina Kawamura, Russ K. Saito, Laura H. Thielen, Sandra Lee Kunimoto, Theodore E. Liu, Brennon Morioka, Haunani Apoliona, Walter M. Heen, Rowena Akana, Donald B. Cataluña, Robert K. Lindsey, Jr., Colette Y. Machado, Boyd P. Moss-man, Oswald Stender, and John D. Waihee IV. Plaintiffs’ lawyer, H. William Burgess, appeals the district court’s imposition of sanctions against him under Federal Rule of Civil Procedure 11. Burgess also appeals the district court’s denial of his motion for Rule 11 sanctions against Defendants’ lawyers. Reviewing de novo the judgment on the pleadings, Knappenberger v. City of Phoenix, 566 F.3d 936, 939 (9th Cir.2009), and reviewing for abuse of discretion the imposition of Rule 11 sanctions, as well as a refusal to do so, Holgate v. Baldwin, 425 F.3d 671, 675 (9th Cir. 2005), we affirm.
1. The district court correctly held that Plaintiffs’ claims are foreclosed by Arakaki v. Lingle, 477 F.3d 1048 (9th Cir. 2007). Although we remanded in Arakaki to allow the plaintiffs to present an alternative theory of standing, if any exists, Plaintiffs here raise only theories of standing that we rejected in Arakaki. Our decision in Arakaki is binding on us. See generally Miller v. Gammie, 335 F.3d 889, 899-900 (9th Cir.2003) (en banc).
2. The district court did not abuse its discretion in imposing Rule 11 sanctions *241 against Burgess. The filing of the complaint was “both baseless and made without a reasonable and competent inquiry.” Holgate, 425 F.3d at 676 (internal quotation marks and emphases omitted). As discussed above, Arakaki is binding on us and on the district court. The district court reasonably concluded that the complaint’s failure to allege a different theory of standing rendered the complaint frivolous. Because Burgess was the counsel of record in Arakaki, the second prong of the inquiry is plainly met.
3. The district court did not abuse its discretion in denying the motion for sanctions against Defendants’ lawyers. The district court correctly concluded that the motion was, itself, “wholly frivolous.” Kuroiwa v. Lingle, No. CV-08-00153-JMS-KSC, 2008 WL 4056137, at *5 (D.Haw. Aug.27, 2008) (unpublished order granting OHA Defendants’ motion for Rule 11 sanctions and denying Plaintiffs’ motion for Rule 11 sanctions).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.